IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                             NO. 6:18-CV-06093-RTD

OUACHITA GRAVEL COMPANY, INC.                                                   DEFENDANT

**MEMORANDUM OPINION & ORDER**

Now before the Court is Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) and Plaintiff's Motion to Strike Defendant's Untimely Response (ECF No. 18). The United States brings this action for civil penalties (plus statutorily authorized interest and surcharges) proposed against Defendant by the Mine Safety and Health Administration, United States Department of Labor. Plaintiff claims the final orders are due and owing to the United States under the Federal Mine Safety and Health Act of 1977, as amended, 30 U.S.C. § 801 *et seq*. ("Mine Act") and the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq*. The United States seeks Summary Judgment for Counts 1 and 5-9 of its 12-count Complaint. Defendant's Response to the Motion for Partial Summary Judgment (ECF No. 17) was filed by its President, Mark Wallis. This matter is now ripe for review. For the reasons discussed herein, the motions will be granted.

I.    BACKGROUND

Plaintiff is the United States of America, by and through the United States Department of Treasury, acting for and on behalf of the United States Department of Labor, Mine Safety and Health Administration (MSHA). Defendant, Ouachita Gravel Company, Inc. (Ouachita Gravel), is an Arkansas corporation, having its principal and chief place of business at 3224 Grisby Ford Road, Malvern, Arkansas. Ouachita Gravel operates a quarry near Malvern, Arkansas where it extracts, processes, and crushes gravel and clay. Mark Wallis is the President of Ouachita Gravel.

Count 1: On July 8, 2013, a MSHA inspector inspected Ouachita Gravel's mine site and issued two citations. On September 10, 2013, MSHA issued and mailed to the Defendant proposed assessments of penalty in the amount of $3,590.00 for the citations issued. FedEx records provided to MSHA during the normal course of business reflect that, upon delivery, Mark Wallis signed for the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on September 17, 2013. The Defendant did not contest those penalties, and after 30 days the proposed assessment became a final order pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).

Count 5: On August 26, 2014, a MSHA inspector inspected Ouachita Gravel's mine site, and issued two citations. On October 7, 2014, MSHA issued and mailed to the Defendant proposed assessments of penalty in the amount of $200.00 for the citations issued. United States Postal Service (USPS) records provided to MSHA during the normal course of business reflect that, upon delivery, V Wallis signed for the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on October 10, 2014. The Defendant did not contest those penalties, and after 30 days the proposed assessment became a final order pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).

Count 6: On August 26, 2014, a MSHA inspector inspected Ouachita Gravel's mine site, and issued one citation. On November 4, 2014, MSHA issued and mailed to the Defendant the proposed assessment of penalty in the amount of $243.00 for the citation issued. USPS records provided to MSHA during the normal course of business reflect that, upon delivery, Wayne Dyer signed for the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on November 7, 2014. The Defendant did not contest the penalty, and after 30 days the proposed assessment became a final order pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).

Count 7: On November 24, 2014, a MSHA inspector inspected Ouachita Gravel's mine site, and issued six citations. On January 6, 2015, MSHA issued and mailed to the Defendant the proposed assessment of penalty in the amount of $972.00 for the citations issued. USPS records provided to MSHA during the normal course of business reflect that, upon delivery, M Wallis signed for

the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on January 12, 2015. The Defendant did not contest those penalties, and after 30 days the proposed assessment became a final order pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).

Count 8: On April 30, 2015, a MSHA inspector inspected Ouachita Gravel's mine site, and issued four citations. On June 9, 2015, MSHA issued and mailed to the Defendant the proposed assessment of penalty in the amount of $639.00 for the citations issued. USPS records provided to MSHA during the normal course of business reflect that, upon delivery, Wayne Dyer signed for the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on June 12, 2015. The Defendant did not contest those penalties, and after 30 days the proposed assessment became a final order pursuant to section 105(a) of the Mine Act, 30 U.S.C. § 815(a).

Count 9: On April 2, 2014, a MSHA inspector, inspected Ouachita Gravel's mine site, and issued one citation (MSA citation 8680885). On August 1, 2014, MSHA issued and mailed to the Defendant the proposed assessment of penalty in the amount of $52,500.00 for the citation issued. USPS records provided to MSHA during the normal course of business reflect that, upon delivery, M Wallis signed for the Proposed Assessment and Statement of Account packet, which was received by Ouachita Gravel on August 7, 2014. On August 19, 2014, Mark Wallis, owner of Ouachita Gravel, mailed a notice dated August 18, 2014, that that he was contesting the Proposed Assessment. On October 15, 2014, the Secretary of Labor filed a Petition for Assessment of Civil Penalty against Ouachita Gravel with the Federal Mine Safety and Health Review Commission ("FMSHRC"). A timely Answer was not received by the FMSHRC. As a result, an Order to Show Cause and Order of Default was issued on May 21, 2015 and the Order was sent to the operator via certified mail to: Mark Wallis, Owner, Ouachita Gravel Co. Inc., P.O. Box 216, Malvern, AR 72104. This was the address that the operator designated for receipt of documents related to the FMSHRC proceeding. The FMSHRC did not receive an Answer from the operator on or before June 22, 2015. The operator was defaulted by the FMSHRC on June 22, 2015 and became

obligated to pay the full amount of the proposed penalty. The default became a final order of the FMSHRC on July 22, 2015.

Plaintiff filed its motion for partial summary judgment on August 21, 2019 (ECF No. 13) seeking judgment in its favor against Ouachita Gravel Co., Inc. on Counts 1 and 5-9 in the amount of $80,386.90, plus interest.

Ouachita Gravel filed its response to the motion for partial summary judgment on September 17, 2019 (ECF No. 17), admitting it did not timely contest the alleged violations and the related proposed penalties identified in Counts 1 and 5-8. Ouachita Gravel does not dispute or object to judgment on those counts. With regard to Count 9, Ouachita Gravel admits receiving the citation and admits contesting the proposed assessment by notice dated August 18, 2014, but Ouachita Gravel denies receiving a copy of the Petition for Assessment of Civil Penalty the Secretary of Labor filed with the FMSHRC on October 15, 2014 or the Order to Show Cause and Order of Default issued May 21, 2015. Defendant denies that it is liable for the assessment, fees, and costs connected with Count 9 (the April 2, 2014 citation) and contends that the amount sought is unreasonable. Ouachita Gravel is not represented by counsel. Its responsive pleading was signed by Mark Wallis, President of Ouachita Gravel, who is not a licensed attorney.

## II. MOTION TO STRIKE

Plaintiff filed a motion to strike (ECF No. 19) Ouachita Gravel's response to the motion for summary judgment on the grounds that the response was filed late. Plaintiff filed its motion for partial summary judgment on August 21, 2019, and the motion was served on Ouachita Gravel by certified mail on August 24, 2019. (ECF No. 16.) Local Rule 7.2(b) provides: "Within fourteen (14) days from the date of service of copies of a motion and supporting papers, any party opposing a motion shall serve and file with the Clerk a concise statement in opposition to the motion with supporting authorities." Pursuant to the local rule, the deadline to file a response to the summary judgment motion was Monday, September 9, 2019. Ouachita Gravel did not request an extension of time to respond prior to the passing of the deadline and filed its response (ECF No. 17) eight (8) days late on September 17, 2019. The response does not mention the expiration of the deadline

to file or explain the failure to comply with the filing deadline. Ouachita Gravel has filed no response in opposition to the motion to strike.

"District courts have broad discretion to set filing deadlines and enforce local rules." *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 64 Fed.R.Serv.3d 1122 (8th Cir. 2006); *see also Huggins v. FedEx Ground Package System, Inc.*, 592 F.3d 853, 159 Lab.Cas. P 60, 934 (8th Cir. 2010) (district courts have broad discretion to manage their dockets and address particular circumstances by enforcing local rules and setting enforceable time limits). Federal Rule of Civil Procedure 6(b)(B) provides that "when an act must be done within a specified time, the court may, for good cause, extend the time…on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect does not "require a showing that the party was without fault but encompasses 'inadvertence, mistake, or carelessness,' though the neglect will not necessarily be excusable. *Huggins*, 592 F.3d at 858. Here, Ouachita Gravel sought no extension of time from Plaintiff and filed no motion to extend the time to file its response. Ouachita Gravel has made no showing of excusable neglect. Having no evidence from which to excuse the late filing, this Court concludes that the Plaintiff's motion to strike (ECF No. 18) should be granted, and Ouachita Gravel's response to the motion for partial summary judgment should be stricken.

Plaintiff's motion to strike also contends Ouachita Gravel's responsive pleading should be stricken because it was signed and filed by its corporate president and owner, Mark Wallis. Mr. Wallis is not a licensed attorney. It has long been held under 28 U.S.C. § 1654 and its predecessor statutes that "a corporation can only appear by its attorney or solicitor, duly authorized…" *Osborn v. Bank of U.S.*, 9 Wheat, (22 U.S. 738), 6 L.Ed. 204 (1840). "Corporations and partnerships, by their very nature, are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." *Turner v. American Bar Ass'n, 407 F.Supp.* 451, 476 (N.D. Tex., W.D.Pa., N.D.Ind., D.Minn., S.D.Ala., and W.D.Wis. 1975), *aff'd, Pilla v. American Bar Ass'n*, 542 F.2d 56 8th Cir. 1976). When a non-attorney impermissibly engages in the unlawful practice of law, any actions they

perform are rendered a nullity. *Morgan v. Nat'l Bank of Kansas City*, 2009 WL 3592543 (E.D.Ark. 2009), citing *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005). Upon consideration, the Court finds that Mark Wallis has engaged in the unauthorized practice of law, and his attempt to file a response to the motion for partial summary judgment on behalf of Ouachita Gravel results in a nullity, as if it did not occur. *Community State Bank v. Wilson*, 2019 WL 2417955 (W.D.Ark. 2019) (there is in effect no response to strike, and the motion to strike itself should be denied). Based upon the foregoing analysis, this court finds that Ouachita Gravel's response (ECF No. 17) to the motion for partial summary judgment is either a nullity or should be stricken. Accordingly, Plaintiff's motion to strike (ECF No. 18) should be granted.

### III. SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *see also Agristor Leasing v. Farrow*, 826 F.2d 732 (8th Cir. 1987); *Niagara of Wis. Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986). A fact is material only when its resolution affects the outcome of the case. *Anderson*, 477 U.S. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

Federal Rule of Civil Procedure 56(e) allows for the possibility that a party may fail to respond to another party's assertion of fact, or, as in this case, not respond to any of the assertions presented in the motion for summary judgment and accompanying filings. In a situation such as the present case where the response filed by the non-moving party is a nullity or has been stricken, the court may consider the facts undisputed for purposes of the motion and grant summary judgment if "the motion and supporting materials—including the facts considered undisputed— show that the movant is entitled to it…" Fed.R.Civ.P. 56(e)(3).

## IV. DISCUSSION

Pursuant to the Mine Act, MSHA inspectors regularly conduct inspections at the nation's mines. 30 U.S.C. § 813(a). If an inspector believes than a mine operator has violated the Mine Act or its provisions, the inspector must issue a written citation, and MSHA subsequently proposes a commensurate civil penalty, which is mailed to the mine operator. 30 U.S.C. §§ 814(a) and 815(a). If the mine operator chooses to dispute the fact of the violation or the proposed penalty, the operator must initiate a contest of a proposed penalty with the FMSHRC within 30 days after being notified of the proposed penalty. 30 U.S.C. § 815(a). Failure to initiate a contest results in an unreviewable FMSHRC final order imposing liability on the mine operator for the proposed penalty. *Id*. Alternatively, if the mine operator contests the proposed penalty, it must do so through the FMSHRC, which has sole authority to hold a hearing, adjudicate the dispute, and issue a legally binding holding. 30 U.S.C. §§ 820(i) and 823; *see also*, Thunder Basin Coal Company v. Reich,

510 U.S. 200 (1994). Any challenge to an adverse FMSHRC holding must be made within 30 days to the appropriate United States Court of Appeals. 30 U.S.C. § 816(a)(1); *see also, Elk Run Coal Company, Inc., v. United States Department of Labor*, 804 F. Supp. 2d 8, 12-13 (D. DC 2011) (outlining entire Mine Act review process).

MSHA proposed penalties against Ouachita Gravel for each alleged violation of the Mine Act identified in Counts 1 and 5-9 of the Complaint, and MSHA notified the Defendant of each proposed penalties in accordance with the Mine Act. 30 U.S.C.A. § 815(a); *Elk Run Coal v. U.S. Dept. of Labor*, 804 F.Supp.2d at 17; *United States v. War Eagle Const. Co. Inc.,* 858 F.Supp. 605, 606 (1994).

When Ouachita Gravel failed to timely contest the alleged violations and the related proposed penalties identified in Counts 1 and 5-8, they became final orders of the Commission, "not subject to review by any court or agency." 30 U.S.C.A. § 815(a). While Ouachita Gravel did timely contest the alleged violation and the related proposed penalty identified in Count 9 (MSA citation 8680885), it failed to file an answer with the FMSHRC in response to the Secretary of Labor's Petition for the Assessment of Civil Penalty and failed to respond to the FMSHRC's Order to Show Cause and Order of the Default. As such, the FMSHRC defaulted Ouachita Gravel, resulting in a final order obligating it to pay the full amount of the proposed penalty.

The affidavits, with their related exhibits, and the Certificates of Indebtedness establish that the violations and associated proposed penalties identified in Counts 1 and 5-9 have become final orders under the Mine Act and establish that $80,386.90 currently is due and owing to the United States in association with those final orders. Arguments pertaining to the nature of the penalties -- like the appropriateness of their calculation, the merits of the underlying citations, and even whether the Ouachita Gravel was a mine subject to MSHA's jurisdiction -- are not judicially cognizable in this proceeding and are immaterial to the outcome of the motion.[1] This case is about

---

[1] The Mine Act does not allow a mine operator to contest MSHA proposed penalties and citations in United States District Court. Rather, contest proceedings are conducted by the FMSHRC in the first instance and appealed to the United States Court of Appeals. 30 U.S.C. §§ 815(d), 816(a)(1). The FMSHRC procedures for contesting a penalty

reducing the MSHA's final penalty orders to a judgment. 30 U.S.C.A. § 820(j). The merits of the assessment cannot be adjudicated in the proceeding. *See* 30 U.S.C.A. § 815(a), 816(a), 820(i), and 823(d). Furthermore, the United States' Motion for Partial Summary Judgment should be granted as a monetary judgment.

WHEREFORE, this Court makes its Order as follows:

Plaintiff's Motion to Strike Response (ECF No. 18) should be and hereby is GRANTED and the Response in Opposition to Motion for Summary Judgment (ECF No. 17) filed by Ouachita Gravel should be and hereby is stricken; and

Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) as to Counts 1 and 5-9 should be and hereby is GRANTED.

IT IS SO ORDERED this 21st day of October 2019.

/s/ Robert T. Dawson
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE

---

can be found at 29 C.F.R. pt. 2700, *et. seq.*